### No. 1175.

#### THE STATE NATIONAL BANK VS. G. A. SINGER.

One signing his name on the back of a piece of commercial paper as the cashier of a bank cannot be held as surety thereon in case of its non-payment, if he was at the time of signing duly authorized to sign as such.

APPEAL from the Fifth District Court, Parish of Ouachita. *Richardson*, J.

---

*John T. Ludeling* for Plaintiff and Appellant.

*C. J. & J. S. Boatner* for Defendant and Appellee.

---

The opinion of the Court was delivered by

WATKINS, J.   The plaintiff sues the defendant as surety for and bound in *solido* with L. D. Allen, Jr., as the maker of three promissory notes, aggregating $8,000, which had been discounted by the plaintiff for the account of the Bank of Monroe before maturity.

These notes were made payable to the maker's own order and by him endorsed in blank.   Below the indorsement of the maker, L. D. Allen, Jr., on the back or reverse of the notes, is written the signature of "*G. A. Singer, Cashier.*"  If bound at all, Singer is bound as a surety, because. not being a party to the notes originally, his contract was not that of an endorser.

Defendant's contention is that he is not bound at all, and that he only indorsed his name on the paper "as a memorandum   *   *   for

the purpose of identifying the same with the account of the bank;" while on the other hand, plaintiff's theory is that, inasmuch as it *dealt with the Bank of Monroe,* and discounted the paper of L. D. Allen, Jr., who was at the time its reputed and ostensible president, and of which G. A. Singer was the acting cashier, and the proceeds thereof were placed to' the credit of the latter bank on open account, and in the usual course of their dealings, it (the plaintiff) believed, and had a right to believe, that the *Bank of Monroe* was bound to them for the amount of the notes as *security* for the maker. But that it subsequently transpired that L. D. Allen, Jr., was *one and the same person as the Bank of Monroe;* and as, in this state of affairs G. A. Singer, cashier, did not, and could not, bind the Bank of Monroe, as it was already bound by the signature of L. D. Allen, Jr., who was the Bank of Monroe, he (Singer) bound himself personally as surety in its place and stead.

The proof shows that L. D. Allen, Jr., had, since 1880, conducted a banking business in the city of Monroe under the name and style of the Bank of Monroe, of which Allen was the ostensible president, and defendant the cashier. For several years the plaintiff had been the correspondent of the bank.

In May, 1886, the Bank of Monroe desired to negotiate a loan from the plaintiff on the faith of the notes in suit, and they discounted those notes and placed the proceeds thereof to the credit of the Bank of Monroe, and accepted and held the notes of Allen as collateral security therefor. At their maturity, Allen made default in their payment and they were sent to protest, and Singer was sued as surety.

Conceding all that plaintiff's claim concerning the Bank of Monroe and Allen having been one and the same juridical person, and it cannot change the *status* or increase the liability of Singer. He was cashier of the Bank of Monroe, and had authority to represent it in placing his name, in his capacity as cashier on the notes as he did, and he did not and could not incur any personal liability thereof to the plaintiffs. He, in no way deceived them, and they did not discount Allen's notes at his request or on his account, or that of his signature.

Plaintiffs counsel complain of the rejection by the court below of certain evidence he offered to connect Singer with the discount of the notes and the use of the proceeds. Such evidence was not competent under the pleadings.

We think the judgment appealed from is correct, and it is therefore affirmed.